Frank Morreale, Esq.
Matthew R. DiBlasi, Esq.
HOLLAND & KNIGHT LLP
31 West 52nd Street
New York, New York 10019
Telephone: (904) 798-5466
Facsimile: (904) 358-1872

*Attorneys for Defendant Lupin Atlantis Holdings SA*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

INSPIRX, INC.,

Plaintiff,

- against -

LUPIN ATLANTIS HOLDINGS SA,

Defendant.

Case No. 1:20-cv-03214 (JPC)

**DECLARATION OF FRANK MORREALE IN OPPOSITION TO INSPIRX, INC.'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

I, Frank Morreale, pursuant to 28 U.S.C. § 1746, declare and state:

1. I am a member of Holland & Knight LLP, attorneys for Defendant Lupin Atlantis Holdings SA ("Lupin" or "Defendant") in the above-captioned matter. I submit this declaration in opposition to the Motion for Partial Summary Judgment filed by InspiRx, Inc. ("Plaintiff").

2. Excerpts taken from a true and correct copy of the transcript of the deposition of Jay Liska, a former employee of Defendant, taken August 11, 2020, are attached hereto as Exhibit 1.

3. Excerpts taken from a true and correct copy of the transcript of the deposition of Mickey Proctor, a former employee of Defendant, taken August 18, 2020, are attached hereto as Exhibit 2.

4. A true and correct copy of the Exclusive Distribution, License and Supply

Agreement between the parties, marked as Deposition Exhibit No. 5 and identified by bates stamp LUP0000168 through LUP0000229, is attached hereto as Exhibit 3.

5. Excerpts taken from a true and correct copy of the transcript of the deposition of Janett DeTore, taken pursuant to Rule 30(b)(6) on September 3, 2020, are attached hereto as Exhibit 4.

6. A true and correct copy of Defendant's Answers and Objections to Plaintiff InspiRx, Inc.'s Second Set of Interrogatories, along with the attachment thereto, is attached hereto as Exhibit 5.

7. A true and correct copy of excerpts from a power point presentation, marked as Deposition Exhibit 24a and identified by bates stamp LUP0030085 through LUP0030097 is attached hereto as Exhibit 6.

8. Excerpts taken from a true and correct copy of the transcript of the deposition of Nancy Schladen, a former employee of Defendant, taken August 25, 2020, are attached hereto as Exhibit 7.

9. A true and correct copy of Defendant's Responses to Plaintiff's First Request for Admissions is attached hereto as Exhibit 8.

10. Excerpts taken from a true and correct copy of the transcript of the deposition of William Collins, a former employee of Defendant, taken September 25, 2020, are attached hereto as Exhibit 9.

11. Excerpts taken from a true and correct copy of the transcript of the deposition of Michael Amato, III, Plaintiff's marketing director, taken August 20, 2020, are attached hereto as Exhibit 10.

12. Excerpts taken from a true and correct copy of the transcript of the deposition of

Michael Amato, Plaintiff's president and CEO, taken August 13, 2020, are attached hereto as Exhibit 11.

13. Excerpts taken from a true and correct copy of the transcript of the deposition of Dr. Michael Newhouse, Plaintiff's Chief Medical Officer, taken August 31, 2020, are attached hereto as Exhibit 12.

14. Excerpts taken from a true and correct copy of the transcript of the deposition of Tonya Winders, a non-party witness, taken August 27, 2020, are attached hereto as Exhibit 13.

15. Excerpts taken from a true and correct copy of the transcript of the deposition of Kevin Turner, Defendant's National Account Director, taken September 15, 2020, are attached hereto as Exhibit 14.

16. Excerpts taken from a true and correct copy of the transcript of the deposition of David Shirkey, a former employee of Defendant, taken September 9, 2020, are attached hereto as Exhibit 15.

17. Excerpts taken from a true and correct copy of the transcript of the deposition of Janett DeTore, Defendant's vice president of market access and trade relations, taken September 24, 2020, are attached hereto as Exhibit 16.

18. Excerpts taken from a true a correct copy of the transcript of the deposition of Christianna Vance, an expert retained by Plaintiff, taken on October 9, 2020, are attached hereto as Exhibit 17.

19. Excerpts taken from a true and correct copy of the transcript of the deposition of Rohinton Toddywala, Plaintiff's Chief Technology Officer, taken September 11, 2020, are attached hereto as Exhibit 18.

20. A true and correct copy of a February 21, 2017 email from Michael Amato to Jim

Hassel, marked as Deposition Exhibit 53 and identified by bates stamps Inspirx00004586 through Inspirx00004588, is attached hereto as Exhibit 19.

21. A true and correct copy of a February 17, 2017 email from Michael Amato, III to Jay Liska, marked as Deposition Exhibit 68 and identified by bates stamp Inspirx00006420 through Inspirx00006423, is attached hereto as Exhibit 20.

22. A true and correct copy of an April 6, 2018 email from Michael Amato, III, marked as Deposition Exhibit 73 and identified by bates stamp Inspirx00025788 through Inspirx00025789, is attached hereto as Exhibit 21.

23. A true and correct copy of an April 16, 2018 email from Michael Amato, III to David Shirkey, marked as Deposition Exhibit 74 and identified by bates stamp Inspirx00004117 through Inspirx00004118, is attached hereto as Exhibit 22.

24. A true and correct copy of a March 11, 2014 email from William Collins, marked as Deposition Exhibit 62 and identified by the bates stamp LUP0021203, is attached hereto as Exhibit 23.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 19, 2020.

/s/ Frank Morreale
Frank Morreale